### BECTEL & AL. vs. BRENT.

APPEAL from the court of the fifth district, the judge of the sixth presiding.

PORTER, J. delivered the opinion of the court.   In this action the plaintiffs allege,

The professional services of an attorney, will be determined on a *quantum meruit,* if no agreement is shewn to exist.

West'n. District.
*Sept'r.* 1829.

BECTEL & AL.
*vs.*
BRENT.

In determining the worth of professional services of an attorney at law, on a *quantum merruit,* $500 will be deemed adequate compensation for settling a claim of $3,000, altho' two suits had been instituted.

Where the court see no ground on which an appeal is taken, to reverse the opinion of the inferior court, it will be considered as taken for delay, and as frivolous, and the judgment of the inferior court will be affirmed, with costs and 10 per cent. damages on the amount of the judgment.

that the defendant, as their attorney in fact, received from one Joseph Erwin the sum of $538 30, on the 11th June, 1819; it being the amount of a judgment they had previously obtained against a certain John Thompson, and that though frequently requested, he had refused to pay it over to them.

The defendant denies, that he is indebted to the petitioners, and avers, that the firm of Bectel & co. owed to the respondent $1000 for professional services, upon which sum $500 only being paid, he was authorised to apply to the payment of the balance, whatever money was in his hands to make up the remaining sum of $500, now still due him. That the fees due to the respondent arose out of a suit of the plaintiffs against a certain William Moore, of Opelousas. That $500 were promised to be paid the respondent by Ellery, agent of the plaintiffs, for assisting Wm. Wilson, Esq. in a suit he had commenced against Moore. And $500 were promised to be paid by Prevost for another suit commenced by the respondent against Moore, in case the respondent succeeded in the same.

The suit, in which the professional services of the defendant were rendered, was for a

debt due by Moore to the firm of Bectel & co.; and $4737 were claimed. The plaintiffs were twice non-suited; and the claim was finally compromised, by Moore giving his notes, as one of the parties alleges, for $2609, and as the other states, for $3119.

As the sum of $1000 is far beyond what is the proper compensation, on a *quantum mercuit*, for professional services, in a case of this kind, our only enquiry has been, whether a special agreement has been established, to pay the defendant that sum.

The evidence entirely fails to prove it. No such contract is shown to have been made by the respondent with Ellery, the agent of the plaintiffs; nor any such promise proven to have been given by Prevost, as the answer alleges. Wilson, who had been originally charged with the suit, and who, on leaving the district where it was instituted, entrusted the defendant with the farther prosecution of it, swears, that he does not remember the stipulation of any particular fee, but thinks it must have been $500, or thereabouts; and whatever his interest was, Mr. Brent was entitled to it.

Admitting a claim in the respondent to this amount, it appears to have been paid to him.

West'n. District.
*Sept'r.* 1829.

BECTEL & AL.
*vs.*
BRENT.

Moore swears, that on the settlement which he made with the respondent on behalf of Bectel & co. he gave his note to the defendant for $500, which note he transferred to R. & J. Fenwick; and that the witness paid it in their hands. An attempt has been made to show the witness was in error, but the whole evidence in the case, taken with the allegations in the defendant's answer, leaves no doubt in our minds of its correctness.

The court below gave judgment for the amount claimed, with interest from the time the money came into the defendant's hands. As the answer shows the defendant to have retained this money as his own, the case comes clearly within the provisions of the code on this subject. *C. Code,* 26.

We are unable to see any ground on which the defendant could have expected to reverse the judgment of the inferior court. The appeal must be considered as taken for delay, and the claim of the plaintiffs for damages cannot be resisted.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs: and damages at ten

per cent. on the sum of $500 30, for the frivolous appeal.

*Todd* and *Brownson* for the plaintiffs, *Simon* for the defendant.